UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRENCE A. YARBROUGH, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:11CV1262 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Movant's Petition To Abolish New World Slavery Step One: Court Records Request which the court has now accepted filing as and reviewed as a Motion under 28 U.S.C. § 2255 by a Person in Federal Custody. [Doc. No. 1]. Pursuant to this Court's Order, the government responded to the motion to vacate. [Doc. No. 8]. On December 30, 2011 Movant filed a Petition with Affidavit to Amend the Caption. [ Doc. No. 16]. Thereafter, the Respondent filed a response to the Amendment. [Doc. No. 23]. For the reasons set forth below, the Motion is denied without a hearing.

### **Movant's Claims**

Movant appears to raise two substantive issues. The first issue centers on his demand for all grand jury records, including all transcripts, ministerial records, roll sheets, attendance records, and juror selection records. His second issue

revolves around a desire to obtain copies of sealed *ex parte* motions as well as a transcript of the *ex parte* hearing on those motions held on July 2, 2010. Yarbrough also requests information related to the payment of Criminal Justice Act (CJA) fees paid to appointed counsel Ronald Jenkins and Assistant Federal Defender Lucille Liggett.

## Facts and Background

On or about August 27, 2009, Yarbrough was arrested and charged pursuant to a complaint with sex trafficking by fraud, force or coercion. On September 10, 2009, a Grand Jury charged him with sex trafficking and violations of the Mann Act. At that time, Yarbrough retained attorneys Gilbert Sison and N. Scott Rosenblum. The parties engaged in the discovery process and Yarbrough received all the discovery that he was entitled to pursuant to Rule 16. On February 4, 2010, a superceding indictment was returned and Sison and Rosenblum continued their representation.

On June 23, 2010, Yarbrough filed a motion in which he contended that he had a conflict with his attorneys. Thereafter, Sison and Rosenblum filed motions to withdraw from further representation of Yarbrough.

On July 2, 2010, U.S. Magistrate Judge Frederick R. Buckles conducted an *ex parte* hearing on the motions. Sison, Rosenblum and Yarbrough were present, the government by the nature of the motion was excluded.

On July 7, 2010, Judge Buckles subsequently granted the motion and appointed Ronald Jenkins to represent Yarbrough.

**Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete

miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's assertions can conclusively be determined based upon the filings and the records of the case, no evidentiary hearing is necessary.

## **Discussion**

As to his first issue demanding all grand jury records, including all transcripts, ministerial records, roll sheets, attendance records, and juror selection records, he has no legal entitlement to any of the demanded materials. Rule 6(e) governs disclosure of grand jury material. Rule 6(e)(E)(I) allows for the

disclosure at the request of a defendant who demonstrates that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. However, equally correct is the basic legal premise that there will be no disclosure of grand jury materials or records absent the showing of a particularized need. *United States v. Broyles*, 37 F.3d 1314, 1318, (8th Cir. 1994); see also *United States v. Stanko*, 528 F.3d 581, 587 (8th Cir. 2008); and *United States v. McIntosh*, 2008 WL 2952780 (E.D.Mo.). Movant has no basis for a claim under Rule 6(e)(E)(I) since the indictment has long since been dismissed. Likewise Movant has also failed to demonstrate any particularized need for any of the grand jury materials he requested.

Assuming *arguendo* that there was a basis for the demanded materials, on January 26, 2011, Movant made the identical demand. He subsequently withdrew that motion. In light of the withdrawal of that claim, he has waived it and it is not cognizable in a Section 2255 petition. *United States v. Olano*, 507 U.S. 725, 733 (1993). Thus, since this could have been addressed in his original/underlying case, it is defaulted. *Anderson v. United States*, 25 F.3d 704, 705, (8th Cir. 1994).

The second issue centers around his desire to obtain copies of sealed *ex parte* motions as well as a transcript of the *ex parte* hearing on those motions held on July 2, 2010. Movant also requests information related to the payment of Criminal Justice Act (CJA) fees paid to appointed counsel Ronald Jenkins and

Assistant Federal Defender Lucille Liggett. On November 8, 2010, He filed substantially the same motion. That motion was denied on November 24, 2010. Subsequent thereto he filed an untimely notice of appeal on January 6, 2011. On March 9, 2011 the Eighth Circuit Court of Appeals issued its order affirming the denial of Movant's motion for sealed documents and transcripts. This matter therefore, has been finally determined. This prevents the relitigation of settled issues in the case and protects the settled expectations of all parties. *United States v. Bates*, 614 F.3d 490, 494 (8th Cir. 2010).

As to the disclosure of CJA fees, those may be made public as long as the rights of the defendant are protected. The Court, pursuant to 18 U.S.C. § 3006A (d) (4), will allow the disclosure of the fees paid to Ronald Jenkins. There were no CJA fees paid to Ms. Lucy Liggett.

## Conclusion

Based upon the foregoing analysis, Movant's claims and requests afford him no relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires

that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 24th day of April, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE